**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Norfolk Division

MAJED TALAT HAJBEH,

        Petitioner,

v.                                                                      ACTION NO. 2:05cv585

ROY W. CHERRY,
Superintendent,

        Respondent.

ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2241. The petition alleges violation of federal rights pertaining to petitioner's continued detention pending removal from the United States.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (c) and Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. Report of the Magistrate Judge was filed on July 31, 2006, recommending dismissal of the petition. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. On the day the Report and Recommendation was filed, Mr. Hajbeh filed a Supplemental Response in Opposition to the Motion to Dismiss. The Court received Mr. Hajbeh's objections to the Report and Recommendation on August 9, 2006, and respondent's reply to the objections on August 25, 2006. On September 11, 2006, Mr. Hajbeh then filed a response to respondent's reply.

Mr. Hajbeh's final order of removal was entered on September 2, 2005. Mr. Hajbeh filed

an administrative appeal of the immigration judge's final order of removal to the Board of Immigration Appeals on September 29, 2005. On March 10, 2006, the Board acknowledged that Mr. Hajbeh had withdrawn his appeal of the removal decision. As there was "nothing now pending before the Board," the Board returned the record to the immigration court without further action. Mr. Hajbeh became subject to the final order of removal to Jordan, with such removal deferred pursuant to 8 C.F.R. § 1208.17, the Convention Against Torture.

The post-removal detention statute provides that "[a]n alien ordered removed who is inadmissible under section 212 [8 U.S.C. § 1182] . . . or who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period and, if released, shall be subject to terms of [supervision]." 8 U.S.C. § 1231(a)(6). In Zadvydas v. Davis, the Supreme Court held that § 1231(a)(6) permits the detention of aliens who are under a final order of removal for a period reasonably necessary to bring about their removal from the United States, and does not permit infinite detention. 533 U.S. 678, 698-99 (2001). The Court held that a six-month detention is "presumptively reasonable," but DHS retains authority to detain an alien until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. See Zadvydas, 533 U.S. at 701. In Clark v. Martinez, 543 U.S. 371 (2005), the Supreme Court held that Zadvydas applies to aliens, such as Mr. Hajbeh, who are deemed inadmissible. The Supreme Court in Zadvydas was careful to specify that the "6-month presumption [] does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." Zadvydas, 533 at 701.

On March 10, 2006, Mr. Hajbeh's removal order became final, and his detention for the

following six months were presumptively reasonable under Zadvydas; however, this presumptively reasonable detention period ended September 10, 2006. Therefore, the respondent must now affirmatively show Mr. Zadvydas will be removed in the reasonably foreseeable future.

The respondent notes that although Mr. Hajbeh's removal to Jordan is currently deferred, "he may still be removed to a third county, his grant of deferral of removal may be terminated due to changed conditions, or the United States may seek assurances from the Jordanian government that he will not be tortured." See Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus as Moot p. 4, citing 8 C.F.R. § 208.17 and 208.18(c). Such an assurance is not sufficient to convince this Court that Mr. Hajbeh will be removed in the foreseeable future. Therefore, the respondent is ORDERED to file a pleading detailing the efforts which have been taken to secure Mr. Hajbeh's removal.

The Clerk shall mail a copy of this Final Order to petitioner and counsel for respondent.

                                                  /s/
                                              Tommy E. Miller
                                 UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 27, 2006